IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



08 SEP 11 PM 8:25

CLERK U S DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

---

SARAH ANASTASIA OLYNYK

                       Plaintiff,

       -vs-

JACK T. ANDRISH, M.D.,

                       Defendant.

CASE NO. 1:06 CV 38

<u>ORDER GRANTING DEFENDANT DR. JACK ANDRISH'S MOTION TO DISMISS FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION</u>

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    On 6 January 2006, Plaintiff Sarah Olynyk ("Ms. Olynyk") filed suit against Defendant Jack T. Andrish (" Dr. Andrish"), claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). At the time of filing, Ms. Olynyk listed Canada as her country of residence and indicated she was a citizen or subject of a foreign country on a civil cover sheet. (<u>Id</u>.)

    On 19 November 2007, the Defendant filed a Motion to Dismiss for Lack of Federal Jurisdiction. Defendant asserted that because Ms. Olynyk is a citizen of the United States her residency in Canada cannot establish diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 15).

Ms. Olynyk filed a Memorandum Contra Defendant's Motion and attached an affidavit claiming New York as her domicile. In the memorandum, Plaintiff does not claim Canada as her domicile, nor does Plaintiff even mention her Canadian residency. Ms. Olynyk abandons her previous assertion of diversity jurisdiction based on her residency in Canada; instead, Plaintiff argues federal diversity jurisdiction remains proper as between citizens of different states due to her New York domicile. (Doc. 17).

In Defendant's Reply Memorandum, Dr. Andrish filed Ms. Olynyk's prior deposition testimony and interrogatory answers. Dr. Andrish argues the claims in Ms. Olynyk's deposition and interrogatory answers contradict the claims in her affidavit. (Doc. 18).

Given the significant and potentially dispositive factual controversy, this Court held an evidentiary hearing limited to the issue of the Plaintiff's domicile. The Court demanded Ms. Olynyk show cause for why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 26). The evidentiary hearing took place on 8 September 2008. Ms. Olynyk's testimony was the only evidence presented at the hearing.

For reasons discussed below this Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

**I.     BACKGROUND**

Ms. Olynyk grew up in Cleveland Ohio. (Doc. 18, Exhibit A). The Plaintiff moved from Ohio to attend a private school in Massachusetts for her last two years of high school. (Id.) During her senior year of high school, Plaintiff applied to colleges in New York, Ohio, Louisiana, and Canada. (Tr. 15). In the spring of her Senior year, Plaintiff

2

visited New York City, to audition, interview, and take tests for admission and scholarship to New York University ("NYU"). (Tr. 4). Plaintiff spent approximately one week in New York. (Tr. 5). She stayed in the NYU dorms, and developed an intention to eventually live in New York City and pursue a career in the music industry. (Tr. 8).

Although offered admission and scholarship to NYU, Ms. Olynyk decided to attend University of Toronto. (Tr. 6). During her senior year of college, Ms. Olynyk explained in a deposition that after college she planned to attend the Conservatory for the Recording Arts and Sciences in Tempe, Arizona. (Doc. 15, Exhibit B). After Plaintiff graduated from the University of Toronto, her plans of moving to Tempe did not materialize. Tempe and the school were too expensive and Ms. Olynyk met her husband in Canada. (Id.)

In January of 2006, the Plaintiff filed suit in this Court. (Doc. 1). At the time, Plaintiff lived with her husband in Waterloo, Ontario, Canada. (Id.) Plaintiff and her husband remained in Canada until they had a rough patch in November of 2006. (Doc. 15, Exhibit C.) At that time Plaintiff traveled to New Jersey to live with a friend. (Id.) While in New Jersey, Plaintiff looked for work and formed an intention to remain in the New York City area. (Id.) Plaintiff stayed in New Jersey for nearly a month and then returned to her husband in Canada. (Id.)

At the evidentiary hearing held on 8 September 2008, Plaintiff testified that she moved to New Jersey in November of 2007. She currently lives in Jersey City and commutes into New York City for work. She has a New Jersey license and votes in New Jersey elections.

3

II.  Law and Analysis

28 U.S.C. § 1332(a)(1) provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [c]itizens of different states." Plaintiff filed this suit in January of 2006, alleging diversity jurisdiction based on the fact that she lived in Waterloo, Ontario, Canada. (Doc. 1). After the Defendant filed a motion for dismissal for lack of subject matter jurisdiction, the Plaintiff responded by claiming New York as her domicile rather than Canada. The issue before this Court is whether New York is Plaintiff's domicile.

A. Burden of Proof

The party seeking to invoke federal jurisdiction must prove its existence. "The policy of the statute conferring diversity jurisdiction upon the district courts calls for its strict construction. Accordingly, if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." Thomson v. Gaskill, 315 U.S. 442, 446 (1942). In her complaint, the Plaintiff invoked diversity jurisdiction based on her residence in Canada. Plaintiff, however, has abandoned her argument for diversity based on her residence in Canada and now asserts jurisdiction based on her domicile in New York, allegedly established in 2000. Plaintiff is invoking federal jurisdiction; thus, Plaintiff has the burden of supporting her allegations with adequate proof.

Diversity jurisdiction must exist at the time the action is commenced. Coury v. Prot, 85 F. 3d 244, 248 (5th Cir. 1996). As such, Plaintiff must prove diversity existed when she filed the complaint in January of 2006.

4

**B. Canada was not Plaintiff's domicile in January of 2006.**

When Plaintiff commenced this action in January of 2006, she resided in Waterloo, Ontario, Canada. In addition, on the civil cover sheet filed with her complaint, Plaintiff indicated that she is a citizen or subject of a foreign country.

Article III, § 2 of the United States Constitution, "provides that the judicial power shall extend to controversies between a state, or the citizens thereof, and foreign states, citizens or subjects..." Principality of Monaco v. Mississippi, 292 U.S. 313, 320 (1934). Although plaintiff was a resident of Canada when she filed this suit in January of 2006, she was not a citizen or a subject of Canada. (Doc. 15, Exhibit A).

In Smith v. Carter, 545 F.2d 909 (5th Cir. 1997), the court prohibited a United States citizen who was a permanent resident of Canada from bringing his case against a United States citizen in federal court on the basis of diversity jurisdiction. The court determined mere residency is not enough to establish domicile for diversity jurisdiction under 28 U.S.C. § 1332. Thus, diversity jurisdiction does not exist on the basis of Plaintiff's residency in Canada.

**C. New York was not Plaintiff's domicile when she commenced this action.**

In Deasy v. Louisville & Jefferson County Metro. Sewer Dist., 47 Fed. Appx 726 (6th Cir. 2002), the Sixth Circuit explained:

> For purposes of diversity jurisdiction, to acquire domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.

5

Id. at 728. Plaintiff claims that her current domicile is New York. She contends she established New York as her domicile in 2000 during her senior year of high school when she spent one week in New York City auditioning for admission to NYU. According to Plaintiff's testimony she stayed in NYU dorms for the week and formed an intention to live in New York City and work in the music industry after she completed her undergraduate degree.

During Plaintiff's week in New York, she knew she would soon return to Massachusetts to complete high school. In addition, while in New York she had college applications pending at schools in Ohio, Louisiana, and Canada. Although Plaintiff hoped to return to New York City in the future, when Plaintiff was in New York she did not intend to remain there indefinitely and Plaintiff entertained the possibility of living in other locations. Therefore, Plaintiff did not establish New York as her domicile in 2000.

### VI. Conclusion

Plaintiff has not met her burden of proving New York or Canada as her domicile for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Thus, this Court lacks jurisdiction to hear this case. For the foregoing reasons, Defendant's motion for dismissal is granted.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

6